## In re GOLDSTEIN.
### No. 5819.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 9, 1938.

Harry V. Booth, of Shreveport, La., for debtor.

Herold, Cousin & Herold, of Shreveport, La., for Mrs. Bessie Herold.

DAWKINS, District Judge.

The debtor applied for relief under section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202. His assets, as scheduled, embrace some $1,300 in value of real estate, together with 7,076 shares of stock in the Shreveport Laundries, Inc., of no par value, amounting to about one-third of the total stock interest. By an amendment small undivided interests in real estate were added, which were valued at $500.

His indebtedness consists of $117,608.47, partially secured by mortgages on real estate and pledges of his stock in the laundry company.

The Shreveport Laundries, Inc., is a holding company for a number of laundry properties. The debtor, as manager or executive officer, receives a salary of $200 per week. His proposal to his creditors was to pay $15,000 in full settlement of his debts, at the rate of $30 per week, over a period of five years, and at the end of that time the balance of $7,500 in cash, all without interest. He asked that a trustee be appointed to "hold as collateral for the faithful performance" of the offer "all property listed in Schedule B," which was all that he possessed. It was also stated that the offer "was to in no way affect the validity of the security which might be held by creditors, including mortgage notes of Spence & Goldstein, Inc., and stock in Shreveport Laundries, Inc." Of creditors who proved their claims, nine, totaling $66,737.92, voted approval of the offer, while two, aggregating $14,009.90, voted against it. A motion for confirmation was filed with the referee, which was opposed by one creditor, Mrs. Bessie Herold, whose claim amounted to $10,822.51, on the following grounds: (1) That the application does not constitute an equitable and feasible method of liquidation; (2) that it is not for the best interests of the creditors; and (3) that the offer is not made in good faith.

The referee overruled the opposition and held that "the offer of composition and extension" should be "confirmed." The opposing creditor has petitioned for review.

The uncontested proof was to the effect that while the properties of the Shreveport Laundries, Inc., represented an investment of some $500,000 to $1,000,000, it has outstanding bonds and owes current debts, which, according to the accountant who has audited its books annually since its organization, reasonably shows a net worth of approximately $15,000, and all other property of the debtor does not exceed in value the sum of $1,500. A profit has been made only once since its organization, which was before the beginning of the depression of 1929, amounting to $20,000 in round figures; since that time it has continuously lost money; the interest on its bonds was by agreement temporarily adjusted by deferring 2½ per cent. of the 6½ per cent. rate

for a period of two years, but at the end of that time, December 1, 1936, it was unable to carry out the agreement, so that this arrangement was again extended for another period of two years. The sinking fund requirements under the bond mortgage were in default for three years, amounting to $60,000; current liabilities amounted to $131,169.52. As previously stated, the debtor owns approximately one-third of the stock, which if the figures as to net worth of the corporation are correct, has a present value of (one-third of $14,317.39) less than $5,000, which, added to the estimated value of other property, would give the debtor a net estate of between $7,000 and $7,500.

Opponent urges that because the debtor draws a salary of $200 a week, and his wife has substantial means, he should contribute a greater proportion of his salary to his creditors; and that if conditions should change, and the stock of the corporation become valuable, the creditors would be seriously prejudiced to the advantage of the debtor.

The theory of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is that the creditors shall realize the present value of the debtor's estate and that he shall, in turn, be relieved from further liability—in other words, given a new chance, free from those encumbrances. Somewhat the same principle, I think, applies in a case like the present, except that it requires the approval in majority of number and amount of the debtor's creditors. If the debtor's proposal cannot be made effective, and an adjudication takes place, then, as pointed out by the referee, it seems inevitable that the creditors would receive little or nothing. His wife, of course, is not responsible for his debts. It is true that he might have offered to share a larger proportion of his salary with his creditors, but the court is not aware of any law by which this can be compelled; the other alternative being adjudication.

I am constrained to agree, therefore, with the referee that in view of the acceptance by a large majority in number and amount of the creditors and the fact that there does not appear to be any appreciable equity in the debtor's estate, the grounds for opposition are not well founded, they should be dismissed, and the proposal confirmed.

Proper decree should be presented.